## NEW YORK SUPERIOR COURT.

CARPENTIER agt. WILLETT, Sheriff.

Where the statute provides for *double costs*, it is unnecessary for an appellate court to mention them in their decision; and it is the duty of the clerk to tax them in the judgment.

The death of a party in an action cannot change the rights of the other parties; it merely changes the title of the action, and a revival in favor of the representatives is permitted for the purpose of protecting the interests of the estate of the deceased.

Where the defendant died in February, and the action was revived in March following, the *term fees* in the court of appeals for the March and June terms were properly taxable, as one notice for the year in that court is sufficient.

*General Term, February,* 1865.

MOTION for a readjustment of costs.

By the court, McCUNN, J.   In actions where the statute provides for double costs, it is unnecessary that additional costs should be mentioned by the appellate court. It leaves no discretionary power, but provides absolutely for the amount of costs to be taxed (3 *R. S. p.* 908), and it remains only for the clerk to adjust the same, and include them in the judgment.   And where the clerk refuses or neglects so to tax the costs, it becomes the positive duty of the court to compel him.   The case of *Smith* agt. *Knap,* cited by counsel on behalf of the motion, does not establish a contrary rule.   In that case the order of the court of appeals taxing the costs, was simply declaratory of the statute, and nothing more.   The death of a party to an action, cannot, by any possibility, change the rights of the other parties; it merely changes the title of the action, and a revival in favor of the representatives is permitted for the purpose of protecting the interests of the estate of the deceased.   And the court should render all its aid not only in the preservation of such rights, but in the protection of such an estate.   Some objections are raised to

the term fees for March and June, because Mr. Willett died in February, and the action was revived in March. Cases in the court of appeals are only noticed once a year, and if his death had not occurred, no irregularity could have been complained of. The cause had been regularly noticed for the year, and no delay or injury resulted to the plaintiff, and I can find no reason why the term fees for March and June should not be allowed.

Motion for readjustment denied, with $10 costs.